ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| GABRIEL GONZÁLEZ VALIENTE, <br><br> Apelante, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE OF FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018; FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018; ROBERTSON, ANSCHUTZ & SCHNEID; P.L.; MELISSA RIVERA PALACIOS; MASTER KEY REALTY GROUP; ASEGURADORAS A, B, y C; COMPRADOR X, <br><br> Apelada. | KLAN202500098 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: SJ2024CV01720. <br><br> Sobre: incumplimiento de contrato; daños contractuales; daños extracontractuales; culpa *in contrahendo*; interdicto *pendente lite* y permanente. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 25 de marzo de 2025.

El señor Gabriel González Vicente (señor González) presentó su recurso el 6 de febrero de 2025. Nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 3 de enero de 2025, notificada el 7 de enero de 2025. Mediante el referido dictamen, el foro primario determinó que el señor González no tenía derecho a remedio alguno contra la parte apelada del título. En consecuencia, declaró con lugar todas las mociones de desestimación presentadas por las apeladas, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V.

Número identificador

SEN2025_____

Con el beneficio de la comparecencia de las apeladas, **confirmamos** la *Sentencia* del foro primario.

I

El 20 de febrero de 2024, el señor González presentó una demanda por incumplimiento de contrato, daños contractuales, daños extracontractuales, culpa *in contrahendo*, interdicto *pendente lite* y permanente en contra de Wilmington Savings Fund Society, FBS; Finance of America Structured Securities Acquisition Trust 2018; Robertson, Anschutz & Schneid P.L.; Melissa Rivera Palacios y Master Key Realty Group[1]. En síntesis, alegó que, el 8 de enero de 2024, vio un anuncio en varias páginas *web* con relación a la venta de una propiedad ubicada en la Urb. San Francisco, Calle Jazmín 31, en Río Piedras, a la venta por $330,000.00. Señaló que el anuncio fue publicado por Master Key Realty Group y la corredora de bienes raíces, Melissa Rivera Palacios (señora Rivera).

El señor González adujo que, ese mismo día, se comunicó con la señora Rivera y le informó de su aceptación de la oferta publicada. La señora Rivera envió al señor González un formulario para consignar su oferta, que él enmendó, a los fines de comunicar su aceptación de la oferta publicada en las páginas *web*. El señor González planteó que dicho suceso constituyó un contrato de compraventa entre las partes. En lo particular, alegó que, ante los hechos narrados, habían concurrido los elementos necesarios para que se configurase un contrato de compraventa. A decir, medió una oferta pública de la propiedad, lo que constituyó el **objeto**; por un precio determinado de venta de $330,000.00, lo que constituyó la **causa;** y la aceptación de dicha oferta por el señor González, lo que constituyó el **consentimiento**.

Además, señaló que el vendedor y su agente, actuando en común acuerdo, se negaron a firmar las escrituras necesarias para inscribir en el Registro de la Propiedad Inmueble la tradición del dominio. De hecho, lo

---

[1] *Véase*, apéndice del recurso, a las págs. 1-76.

que se le informó fue que el anuncio publicado no se trataba de una oferta, sino que era una invitación a realizar ofertas.

En lo pertinente, tras varias incidencias procesales, las apeladas presentaron sendas mociones de desestimación. A saber, el 29 de marzo de 2024, Robertson, Anchutz & Schneid P.L. presentó la primera[2]. El 8 de mayo de 2024, Master Key Realty Group y la señora Melissa Rivera Palacios presentaron la segunda solicitud de desestimación[3] y, finalmente, el 23 de julio de 2024, Wilmington Savings Fund Society, FSB y Finance of America Structured Securities Acquisition Trust 2018, presentaron la tercera[4].

En síntesis, las apeladas arguyeron que no existía, por no cumplir con los requisitos para ello, un contrato de compraventa debidamente perfeccionado y que el anuncio publicado trataba claramente de una invitación a ofertar. Plantearon que las alegaciones de la demanda, así como los documentos que le fueron adjuntados, resultaban insuficientes para demostrar que se hubiera concretado un acuerdo. Por el contrario, los documentos adjuntados a la demanda demostraban un patrón de comunicaciones unilaterales en las que el señor González partía de la premisa de la existencia de un supuesto contrato, sin que ninguna de las apeladas hubiera expresado su consentimiento o la intención de obligarse. Por tanto, las causas de acción reclamadas por el señor González no podían prosperar. Aún más, plantearon que, ante las alegaciones infundadas de la parte apelante, no debía siquiera permitirse cualquier intento de enmienda a la demanda.

Finalmente, por considerar que se trataba de una acción frívola, las apeladas solicitaron al Tribunal de Primera Instancia que desestimara la demanda y concediera costas, gastos y honorarios de abogado por temeridad.

---

[2] *Véase*, apéndice del recurso, a las págs. 110-123.

[3] *Íd.*, a las págs. 151-170.

[4] *Íd.*, a las págs. 213-228.

Por su parte, el señor González presentó sus respectivas oposiciones a las mociones de desestimación[5]. Arguyó que, contrario a lo señalado por las apeladas, sí era una *persona determinable* conforme la definición de oferta dispuesta en el Art. 1239 del Código Civil de Puerto Rico, 31 LPRA sec. 9773. Reiteró lo expuesto en su demanda respecto a que el anuncio había constituido una oferta, que él había aceptado y que, a su vez, exhibía la concurrencia de los elementos contractuales adicionales de objeto (la propiedad) y causa (la venta por un precio determinado). Sostuvo que, en virtud de ello, al aceptar de manera pura y simple la supuesta oferta, se había perfeccionado el contrato de conformidad al Art. 1244 del Código Civil de Puerto Rico, 31 LPRA sec. 9777.

En cuanto a la causa de acción por dolo, sostuvo que esta se configuraba por razón de que las apeladas se negaron a venderle la propiedad por el precio ofertado. Sobre la causa de acción de culpa *in contrahendo*, planteó que sí podía surgir en virtud de la existencia del contrato o acuerdo. Finalmente, negó toda alegación respecto a que la demanda instada fuere temeraria y manifestó su desacuerdo con los argumentos relacionados a que no pudiera enmendar su demanda.

Luego de varias incidencias procesales, las cuales incluyeron la presentación de réplicas y dúplicas a los escritos reseñados, se dio por sometido el asunto. Así, con el beneficio de las posturas de las partes, el 4 de enero de 2025, el Tribunal de Primera Instancia emitió su *Sentencia*. El foro primario concluyó que no habían concurrido los elementos necesarios para que se configurase un contrato de compraventa. Además, expuso que del anuncio que el señor González vio publicado no surgía la persona o el medio para determinar quién podía y debía manifestar su aceptación para

---

[5] A saber, el 22 de abril de 2024, presentó su oposición a la solicitud de desestimación de Roberson, Anschuntz & Schneid, P.I. *Íd.*, a las págs.127-138. El 1ro de junio de 2024, presentó su oposición a la solicitud de desestimación de Master Key Realty Group y la señora Melissa Rivera Palacios. *Íd.*, a las págs.173-188. Finalmente, el 12 de agosto de 2024 presentó su oposición a la solicitud de desestimación de Wilminton Savings Fund Society FSB y finance of America Structures Securities Acquisition Trust 2018. *Íd.*, a las págs. 234-246.

que el contrato pudiera perfeccionarse. Por tanto, concluyó que el anuncio carecía de la persona a quien iba dirigida o del medio para establecer la persona a quien iba dirigido este, y, por estar la publicación dirigida al público en general, entonces forzosamente el acto se debía considerar como una invitación a ofertar, según lo dispuesto en el Art. 1239 del Código Civil de Puerto Rico, 31 LPRA sec. 9773. En virtud de lo anterior, **aclaró que al no configurarse una oferta no existía cabida para evaluar su aceptación.**

Finalmente, el tribunal *a quo* concluyó que las alegaciones restantes del señor González no fueron suficientes para establecer que tenía una reclamación factible, que ameritara la concesión de un remedio. Lo anterior, aun al considerar como ciertos los hechos correctamente alegados en la demanda e interpretándolos de la forma más favorable para él.

Inconforme con la determinación del foro primario, el 6 de febrero de 2025, el señor González instó este recurso, en el formuló el siguiente señalamiento de error:

> Erró el foro a quo, al desestimar la demanda por entender que el demandante-apelante no es una persona determinable y por ende el anuncio publicado no constituye una oferta válida del vendedor sino una invitación a ofertar.

(Énfasis omitido).

El 11 de marzo de 2024, comparecieron las apeladas y presentaron sendos alegatos en oposición. En esencia, tanto la parte apelante como las apeladas reiteraron los argumentos planteados ante el Tribunal de Primera Instancia con relación a las solicitudes de desestimación.

II

A

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla reza como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas

pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.

(Énfasis nuestro).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). Por tanto, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Así pues, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR, a la pág. 505. Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

B

Las fuentes de las obligaciones son la ley, los contratos y los cuasicontratos, los actos ilícitos, y los actos u omisiones en que intervenga culpa o negligencia. Art. 1063 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8984. En cuanto a los contratos en particular, el Art. 1233 del Código Civil dispone que: "Lo acordado en los contratos tiene fuerza de ley entre las partes, sus sucesores y ante terceros en la forma que dispone la ley". 31 LPRA sec. 9754. **"Consecuentemente, un contrato existe desde**

**que una o varias personas prestan su consentimiento a obligarse a dar alguna cosa o prestar algún servicio".** *Rodríguez Ramos et al. v. ELA et al.*, 190 DPR 448, 455 (2014). (Énfasis nuestro).

Los contratos quedan perfeccionados desde que las partes contratantes manifiestan su **consentimiento** sobre el **objeto** y la **causa**, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Art. 1237 del Código Civil, 31 LPRA sec. 9771. Así pues, "las partes quedan obligadas al cumplimiento de lo expresamente pactado y a las consecuencias que se deriven de éste, ello conforme a la buena fe, al uso y a la ley". *Álvarez v. Rivera*, 165 DPR 1, 18 (2005). Véase, además, Art. 269 del Código Civil, 31 LPRA sec. 6131.

Por tanto, el vínculo u obligación entre las partes surge del acuerdo de voluntades que se manifiesta con la oferta y la aceptación. Sin embargo, para que ello sea así, es indispensable que la oferta reúna determinados requisitos, los cuales incluyen que la declaración de voluntad del oferente sea completa; que contenga todos los elementos esenciales del contrato que se estimen necesarios, de manera que quede el contrato perfeccionado con la mera aceptación de la oferta. *Prods.Tommy Muñiz v. COPAN*, 113 DPR 517, 522 (1979).

En lo pertinente, el Código Civil de Puerto Rico de 2020 dispone que la oferta se define como "el acto jurídico unilateral, dirigido a una persona determinable, que contiene los elementos necesarios para la existencia del contrato propuesto, o el medio para establecerlos. **Si carece de alguno de tales elementos y no prevé el medio para establecerlo, el acto se considera invitación a ofertar**." Art. 1239 del Código Civil, 31 LPRA sec. 9773. (Énfasis nuestro).

III

Como adelantamos, el argumento medular de la parte apelante se reduce a proponer que el Tribunal de Primera Instancia erró al desestimar su demanda. En particular, que dicho foro incidió al concluir que el señor

González no era una persona determinable con relación a la oferta, y que el anuncio publicado no constituía una oferta válida, sino una invitación a ofertar.

Arguye que el Tribunal de Primera Instancia debió reconocer que el anuncio objeto de controversia reunía los requisitos de una oferta, según dispuesto en el Art. 1239 del Código Civil de Puerto Rico, 31 LPRA sec. 9773. Aún más, subrayó que el tribunal había errado al concluir que no se había perfeccionado un acuerdo, pues, según su él, sí había expresado su aceptación y había demostrado su capacidad para pagar el precio ofertado en efectivo, sin necesidad de más consideraciones.

Por su parte, las apeladas reiteran que el señor González no había logrado demostrar la existencia de un contrato, ni de qué modo las partes incurrían en algún tipo de responsabilidad. Sostienen que el anuncio guardaba total silencio sobre la intención de quedar obligadas, y no fue dirigida a persona particular alguna, por lo que la única interpretación posible es que la aludida oferta se trataba de una invitación a ofertar.

Examinada la demanda, sus anejos, así como las sendas posturas de las partes litigantes, resulta evidente que, para poder entablar una acción por incumplimiento de contrato, dolo en el cumplimiento y culpa *in contrahendo* se debe primero establecer que existe un contrato entre las partes.

Surge claramente de las alegaciones de la demanda, así como de los documentos que le fueron adjuntados, que no se configuró contrato alguno. Por el contrario, resulta evidente que se trataba de una publicación que constituía una invitación a ofertar, y así se le aclaró al señor González mediante el envío del formulario que le fue remitido para dicho fin.

Analizados los hechos narrados por el señor González en su demanda de la manera más favorable para él, ni siquiera cabe la posibilidad de permitir una enmienda a la demanda. Ello, pues el apelante pretende que, a través de una oferta unilateral, se le reconozca el derecho a adquirir una propiedad inmueble sin el beneficio de la aceptación de su oferta; sin

el consentimiento de la parte vendedora y sin ulterior trámite. Ello no tiene cabida en nuestro ordenamiento jurídico.

IV

Por los fundamentos antes consignados, este Tribunal **confirma** la *Sentencia* desestimatoria dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 3 de enero de 2025.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones